## (*) Hatch & al. versus Norris & al.

It is not a joint relief bond, given by all the execution-debtors, as principals, but it is a separate bond given by each, which, under the statute, entitles to a release for arrest.

Such joint bond, however, though not a statute bond, is valid at the common law.

Each principal obligor, in a joint bond, is a surety for his co-obligor.

On Report from *Nisi Prius*, Rice, J., presiding.

Debt on a joint relief-bond, given by two joint debtors as principals, with sureties to procure their release from arrest on execution. One of the principals and one of the sureties were defaulted. The other principal and the other surety defended. They introduced a certificate of two justices of the peace and quorum, that one of the principals had been discharged upon taking the poor debtors' oath. They also introduced evidence, though objected to, showing that the other principal was without property.

The case was submitted to the Court, with power to draw inferences from the admissible testimony.

*Williamson* and *Palmer*, for the plaintiffs.

The bond being in form usually taken under the statute

and in all things according thereto, is a statute bond, if it is competent to join the two debtors in one bond.

Does the joining them divest the bond of any essential qualities or add to it any stipulation not authorized by the statute?

The Court is to draw all necessary legal inferences from such of the testimony as is legally admissible in the case.

The principal debtors were *the* party defendant in the execution, and there can be no pretence, that the arrests were illegal. It was no part of the officer's duty to furnish a bond for them to sign, neither is it the fact or the presumption, that he did so. The bond was tendered by them to the officer, and upon it they claimed to be discharged, and the form, whether joint or several, was a matter of their own choosing. It entitled them to be discharged from the custody of the officer. To have detained them after would have been illegal on the part of the officer; it would have been a duress. Having chosen this mode they are estopped to complain. *Whitefield* v. *Longfellow*, 13 Maine, 146.

A strong analogy to this case will be found in *Dwinel* v. *Soper*, 32 Maine, 119.

If the bond by statute is a joint and several one, then at least, the sureties are holden for the principals severally or jointly. The principals might join or sever in their efforts to obtain the benefit of the relief law. At any rate the execution creditors could not hinder them.

The true rule is to consider both debtors as one party, and so they are in the bond; the condition being, that *they* both, not one of them alone, shall perform, though one might discharge himself in one mode, and the other in another.

*C. P. Brown*, for the defendants.

APPLETON, J.—It appears that Norris and Crosby, judgment debtors in an execution, in favor of the plaintiffs, having been arrested thereon, gave a joint bond, conditioned that if they should in six months from its date cite the creditors before two justices of the peace and quorum, and submit themselves

to examination, and take the oath prescribed in the twenty-eighth section of c. 148, of R. S., or pay the debt, interest, cost and fees arising in said execution, or deliver themselves into the custody of the keeper of the jail in Belfast, and go into close confinement within said six months, then their obligation was to be void, otherwise to remain in full force. It is in proof that Crosby, one of the principals in this bond, so far as related to himself, performed its conditions and obtained a certificate of his discharge as a poor debtor.

The two judgment debtors are described in the bond as principals, and such is their relations to their creditors and sureties; but as between themselves, each is principal for the performance of the condition, so far as relates to himself and surety for his co-principal obligor, that he will duly perform the conditions to be by him performed. This is the law in all cases between principals. As between them, each is principal for his share, and as to the rest, a surety for his associates. *Goodall* v. *Wentworth*, 20 Maine, 322; *Craft* v. *Mott*, 4 Coms. 603. The performance by Crosby of his part of the conditions of the bond cannot relieve him from his obligations as surety for Norris.

The bond in this case having been signed by more than one debtor, cannot be regarded as a statute bond. By R. S., c. 148, § 20, the debtor arrested or imprisoned on execution, to procure his release, shall give a bond conditioned "that *he* will, within six months thereafter cite the creditor before two justices of the peace and of the quorum, and submit *himself* to examination, and take the oath prescribed in the twenty-eighth section of this chapter, or pay the debt, interest, costs and fees arising in said execution, or deliver *himself* into the custody of the keeper of the jail into which *he* is liable to be committed under said execution." All the acts to be done and performed in the condition are personal acts, to be done and performed alone, and not jointly. Every stipulation in the condition looks to a performance by the obligor alone. The various provisions of the statute have reference to a several bond and a several performance. The arrest of each

debtor is a separate and distinct act of the officer. The citation to the creditor, the selection of the justices, are the individual acts of the debtor thus citing and selecting. The examination of the debtor, and the oath to be administered, and the certificate of discharge which may be given by the magistrates, are all several in their nature, as well as by the language of the statute. If there be fraudulent concealment, the person so fraudulently concealing is to be deemed guilty, and to be punished for his own acts. From the arrest to the final conclusion by discharge or imprisonment, every provision of the Act specially applies to several acts of each debtor and to several bonds to enforce their performance, and to several disclosures and certificates by which each is to be relieved from the penalties attached to the non-performance of the conditions therein specified.

It is the duty of the debtor to furnish his bond. The principal defendants having been arrested, have procured their discharge in consequence of giving the bond in suit. They have not performed its conditions. There is no evidence that it was not voluntarily given. It is therefore good at common law. From the proof the plaintiff is entitled only to nominal damages. Judgment is to be rendered for the penalty of the bond and full costs, and execution to issue for one cent, as damages. *Howard* v. *Brown*, 21 Maine, 385; *Wallace* v. *Carlisle*, 20 Maine, 374. *Defendants defaulted.*

SHEPLEY, C. J., and TENNEY, RICE and HATHAWAY, J. J., concurred.